IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BYRON GARDNER, #Y67711,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 25-cv-01619-SMY |
| | ) |
| **JACKSON COUNTY, ILLINOIS,** | ) |
| **SOPHIA ALLEN, and** | ) |
| **RALPH BLOODWORTH III,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff Byron Gardner, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Sheridan Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims he was wrongfully convicted in a bench trial as a result of prosecutorial misconduct, in violation of his constitutional rights, and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was convicted of aggravated battery on October 11, 2024 in Jackson County Case No. 24-CF-272 (Doc. 1, p. 5). The alleged victim did not come to court to testify, depriving Plaintiff of his right to

confront his accuser. Defendant Allen (prosecutor) engaged in misconduct. The evidence against Plaintiff was insufficient to support guilt, but Defendant Judge Bloodworth found him guilty. Judge Bloodworth improperly communicated about the evidence and showed favoritism toward the prosecution.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1:    Claims against defendants for contributing to Plaintiff's wrongful conviction in Jackson County, Illinois Case No. 24-CF-272 based on insufficient evidence, prosecutorial misconduct, and other errors.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Plaintiff's claim for money damages based on his allegedly wrongful conviction is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

already been invalidated.

*Id.* at 486-87 (emphasis in original).

Here, Plaintiff does not claim his conviction or sentence has been reversed, expunged, or otherwise invalidated by a state or federal court. If this Court were to award Plaintiff damages, such an order would necessarily imply that his conviction and/or sentence is invalid. Therefore, Plaintiff cannot maintain a claim for damages in this case.

## Disposition

The Complaint and this action are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.[1] The Court counts the dismissal of this action as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir.

---

[1] A *Heck*-barred claim must be dismissed without prejudice so the claim may be refiled later if the conviction or sentence is eventually invalidated. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011); *Mockbee v. Lee*, No. 20-2004, 2021 WL 5918556, at *2 (7th Cir. Dec. 15, 2021).

2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk is **DIRECTED** to enter judgment and close this case accordingly.

**IT IS SO ORDERED.**

DATED:  February 26, 2026

*s/ Staci M. Yandle*
**STACI M. YANDLE
Chief U.S. District Judge**
